IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| TERRI L. PETERSON, EXECUTRIX of the ESTATE OF BARBARA SHIRLEY GILBERT | |
| Plaintiff, | CASE NO: 19-CV-00____ |
| v. | |
| PHILIPS LIFELINE A/K/A LIFELINE SYSTEMS COMPANY | COMPLAINT |
| Defendant | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PARTIES AND JURISDICTION

1. Plaintiff Terri L. Peterson ("Plaintiff") was and is a resident of the Town of Lancaster, County of Coös, and State of New Hampshire, with a mailing address of: 43 Mechanic Street, Lancaster, NH 03584.

2. Plaintiff is the duly appointed Executrix of the Estate of Barbara Shirley Gilbert, pending in 1st Circuit Court – Probate Division – Lancaster, Case No. 314-2019-ET-00152 ("the Estate").

3. Plaintiff is also the daughter of the late Barbara Shirley Gilbert.

4. Defendant Philips Lifeline a/k/a Lifeline Systems Company ("Defendant") was and is a Massachusetts business corporation, with a principal office address of: 111 Lawrence Street, Framingham, MA 01702; and a registered agent in this state of: Corporation Service Company, 10 Ferry Street S313, Concord, NH 03301.

1

5. Defendant advertises, sells, operates, and maintains various products and services in the nature of medical alert pendants and bracelets.

6. Defendant conducts ongoing, continuous, and substantial business in the State of New Hampshire, through its various agents and representatives.

### Background – The Service Contract

7. On or about June 27, 2016, the late Mrs. Gilbert and Defendant entered into a Contract, entitled by Defendant as a Lifeline Care Plan Agreement ("the Contract").

8. At the time that they entered into the Contract, the late Mrs. Gilbert was ninety-two (92) years old.

9. The Contract, on a two-page form developed and proffered by Defendant, contained the following relevant terms and conditions:

   a. The late Mrs. Gilbert was described as "**the Subscriber**";

   b. The Status, as of the date of the Contract, was described as "**Pending Install**";

   c. The Contract provided for the late Mrs. Gilbert to receive a **Model Type 6900, Unit #901-298-6410** ("the Equipment");

   d. With regard to existing Medical Conditions and/or Diseases, the late Mrs. Gilbert was described as having: "**Cane/Crutches/Walker; Hearing Loss**";

   e. Responder One was listed as "**Terri Peterson**" (the daughter of the late Mrs. Gilbert, and also Plaintiff in this action);

   f. Under Subscriber Notes, it indicates that **"[t]he subscriber has a [sic] AutoAlert Help Button"**; and,

   g. The Contract listed the late Mrs. Gilbert's primary physician and preferred hospital as being "**Dr. Wendy Muello**" and "**Weeks Medical Center-Lancaster, NH**", respectively.

10. By virtue of the Contract, Defendant agreed to provide Lifeline Equipment and Monitoring, with Monitoring to occur through the Lifeline Response Center. Defendant's service included receipt, analysis and response to alarm signals from the Equipment, including notification of appropriate emergency response providers in response to alarm signals received from the Equipment.

11. At the time that the parties entered into the Contract, in writing, certain other terms were agreed to by and between the parties, that were not in writing; specifically, Defendant agreed that the Equipment supplied to the late Mrs. Gilbert would be of the type that included an Auto Alert Falls Detection Button ("Fall Detection").  The late Mrs. Gilbert agreed to pay an additional $15.00 monthly fee for the additional Fall Detection service, as requested by Defendant.

12. After the parties entered into the Contract, the parties' actions conformed to the terms of the Contract, to wit:  the late Mrs. Gilbert paid for the service, and Defendant provided monitoring, including occasional remote testing of the Equipment.

### The Late Mrs. Gilbert's Stroke and Fall at her Home

13. On or about the evening of Saturday, February 10, 2018, or during Sunday, February 11, 2018, the late Mrs. Gilbert suffered a severe cerebrovascular accident, underwent a stroke, and fell at her home.

14. The Fall Detection service, and specifically the Equipment, provided by Defendant did not trigger, emit, or register an alert and/or response, which would have in turn alerted emergency response providers.

15. Plaintiff and her son arrived at the home of the late Mrs. Gilbert during the early evening of Monday, February 12, 2018, at which time she discovered her mother on the floor, in a state of medical distress.

16. Upon observation of the conditions, it was apparent to Plaintiff that her mother had fallen.  The location and condition of furniture and other items in the home (e.g., a broken lamp, a tipped rocking chair) made it apparent that the late Mrs. Gilbert had fallen in an abrupt, sudden, and direct manner, rather than in a slow, slumping, and indirect manner.

17. In addition to these observations, Plaintiff also observed the Lifeline pendant around her mother's neck, consistent with the instructions that had been given as to its use and placement.

18. Plaintiff and her son immediately notified emergency medical personnel to the scene.

19. Plaintiff was aware that the late Mrs. Gilbert had specifically contracted for Fall Detection as part of the Contract with Defendant, and upon observation of her mother's physical condition, and the scene at her mother's home, concluded that the Fall Detection had not been activated.

## COUNT I – BREACH OF CONTRACT

20. In a plea of special assumpsit, the previous paragraphs are re-alleged herein.

21. The late Mrs. Gilbert and Defendant entered into the Contract.

22. By virtue of the Contract, Defendant agreed to provide certain services to the late Mrs. Gilbert.

23. Those services included, but were not limited to, providing her with a working pendant that included the Fall Detection function.

24. However, Defendant breached the Contract, by providing the late Mrs. Gilbert with equipment that was faulty and/or not maintained properly by Defendant.

25. As a direct and proximate result of Defendant's breach, the late Mrs. Gilbert suffered severe, painful, and permanent injuries, including but not limited to: physical and mental pain, suffering, trauma, embarrassment, indignity, and humiliation from being stranded in her home for an extended period of time; diminished opportunity to recover from her cerebrovascular accident; consequential damages of a greater than necessary hospital stay due to the series of events described above, including increased and prolonged medical bills; temporary and permanent impairment; loss of enjoyment of life / hedonic damages; and other substantial and significant injuries and losses.

26. Said losses are all to the damage of the Estate of Barbara Shirley Gilbert, as Plaintiff says, in serious and substantial amounts within the jurisdictional limits of this Court.

27. Wherefore, Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant.

## **COUNT II – NEGLIGENCE**

28. In a plea of the case, the previous paragraphs are re-alleged herein.

29. As a commercial service provider, Defendant had a duty and undertook an obligation to provide its services to the late Mrs. Gilbert in a reasonable and

careful manner, including providing her with working equipment, and maintaining the Equipment in good and working order.

30. However, Defendant breached this duty, in that it failed to provide its services to the late Mrs. Gilbert in a reasonable and careful manner, failed to provide her with working equipment, and failed to maintain the Equipment in good and working order.

31. As a direct and proximate result of Defendant's breach of this duty, the late Mrs. Gilbert suffered damages, as described above.

32. Said losses are all to the damage of the Estate of Barbara Shirley Gilbert, as Plaintiff says, in serious and substantial amounts within the jurisdictional limits of this Court.

33. Wherefore, Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant.

### COUNT III – VIOLATION OF CONSUMER PROTECTION ACT

34. In a plea of the law, the previous paragraphs are re-alleged herein.

35. As part of the marketing of the Equipment, Defendant made the assertion in its promotional literature that the Fall Detection component of the Equipment was "95%" effective ("the Representation").

36. The late Mrs. Gilbert, and her daughter, relied upon the Representation as part of the decision to enter into the Contract.

37. Upon information and belief, and given the series of events described above, Plaintiff asserts that the Representation is not accurate and not supported by any actual study or empirical data.

38. Under N.H. RSA 358-A:2, V, it is unlawful in New Hampshire to represent that "goods or services have … characteristics …that they do not have."

39. Further, under N.H. RSA 358-A:2, VII, it is unlawful in New Hampshire to represent that "goods or services are of a particular standard, quality, or grade … if they are of another."

40. Defendant's actions in making the Representation violate these provisions. The Representation indicates that the Equipment has a characteristic that it does not have (i.e., that it is "95% effective"); and that the Equipment is of a particular standard or quality (i.e., that it is "95% effective"), which it is not.

41. Because the Representation violates the prohibitions of the Consumer Protection Act, Plaintiff hereby makes claim for all remedies under N.H. RSA 358-A:10, I, including but not limited to statutory damages, damage multiplier, and attorneys' fees and costs.

42. Wherefore, Plaintiff demands an award of damages, and other remedies as described above, from Defendant.

## COUNT IV – NEGLIGENT MISREPRESENTATION

43. In a plea of the case, the previous paragraphs are re-alleged herein.

44. As a commercial service provider which undertook to market its services to individuals in the same position as the late Mrs. Gilbert, Defendant had a duty to exercise reasonable care to verify that any and all representations that it made as part of such marketing were true, including the Representation.

45. However, Defendant breached this duty, in that it failed to exercise reasonable care to verify that any and all representations that it made, including the Representation, were true.

46. The late Mrs. Gilbert, and her family, reasonably relied upon the Representation in choosing to enter into a Contract with Defendant for its service, as opposed to contracting with other similar services or competitors of Defendant, to their detriment.

47. As a direct and proximate result of Defendant's breach of this duty, the late Mrs. Gilbert suffered damages, as described above.

48. Said losses are all to the damage of the Estate of Barbara Shirley Gilbert, as Plaintiff says, in serious and substantial amounts within the jurisdictional limits of this Court.

49. Wherefore, Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Grant her a jury trial on Counts I, II, and IV;

B. Award damages to the Estate on all counts;

C. On Count III, award her any and all statutory remedies set forth in N.H. RSA 358-A:10, I;

D. Order prejudgment interest from the date that suit was filed; and,

E. Grant such other and further relief as may be just.

> Respectfully submitted,
> Terri L. Peterson, Executrix
> By her attorneys,
> *Waystack Frizzell, Trial Lawyers*

Dated:  December 30, 2019                    /s/  Jonathan S. Frizzell
                                             Jonathan S. Frizzell
                                             N.H. Bar No. 12090
                                             133 Main Street, P.O. Box 507
                                             Lancaster, NH  03584
                                             Tel: (603) 788-4244